# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **Elvis Belem,** | |
| **Plaintiff,** | |
| **V.** | **Civil Action File** |
| | **No. _____** |
| **3AC Restaurant, LLC,** | |
| | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT

Plaintiff Elvis Belem ("Plaintiff") files this Complaint and alleges that Defendant 3AC Restaurant, LLC. violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* by failing to pay Plaintiff overtime wages for hours worked in excess of forty hours per week.

## NATURE OF THE ACTION

1.  Plaintiff alleges, pursuant to Section 216(b) of the FLSA, that he: (i) is entitled to unpaid wages from Defendant for overtime work for which he did not receive overtime premium pay as required by law; (ii) is entitled to liquidated damages pursuant to the FLSA and (iii) is entitled to attorneys' fees and costs of this action pursuant to the FLSA.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.     Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. All parties reside in this district and a substantial portion of the events giving rise to the claims herein occurred in this judicial district and division.

4.     Divisional venue is proper in the Atlanta Division under Local Rule 3.1(B)(1)(a) because this is a civil action not of a local nature and Defendant resides in the Atlanta Division.

## THE PARTIES

5.     Plaintiff is a resident of Georgia.

6.     Defendant 3AC Restaurant, LLC, ("3AC") is a Georgia corporation with its principal place of business located at 6017 Sandy Springs Circle, Atlanta, Fulton County, Georgia.

7.     3AC can be served through its registered agent Jonathan Akly at 6017 Sandy Springs Circle, Atlanta, Georgia.

8.    3AC maintains and runs a restaurant at 3550 Lenox Road NE, Suite 550, Atlanta, Fulton County, Georgia, and does business there under the name Mission + Market (the "Restaurant").

9.    At all relevant times, 3AC continuously has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10.   At all relevant times, 3AC has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11.   At all relevant times, 3AC employed Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

12.   At all relevant times, 3AC had annual gross volume of sales made or business done of over $500,000.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

13.   Plaintiff re-alleges the foregoing paragraphs of the Complaint as if set forth herein verbatim.

14.   3AC hired Plaintiff in early 2018 to work as a cook at the Restaurant.

15.   In early 2020, 3AC gave Plaintiff the title of "sous chef" and began paying Plaintiff a weekly salary regardless of how many hours Plaintiff worked.

16.   Although 3AC gave Plaintiff the title of "sous chef," 3AC did not give Plaintiff the job responsibilities and duties of sous chef.

17.   Plaintiff's primary job duty remained cooking and other menial kitchen work.

18.   In performing his job duties for 3AC, Plaintiff did not perform executive functions.

19.   In performing his job duties for 3AC, Plaintiff did not exercise any discretion or independent judgment with regard to matters of significance.

20.   Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

21.   Plaintiff did not have the authority to hire or fire other employees and neither were his suggestions on hiring, firing, advancement, promotion, or any other change of status of other employees given particular weight

22.   Plaintiff's work in the kitchen of the restaurant usually was done under the supervision of the Chef Ian Winslade ("the Chef"). The Chef, not Plaintiff, made hiring and firing decisions for the kitchen staff, and the Chef directed and managed the kitchen staff.

23.   Plaintiff was a non-exempt employee under the FLSA whose primary job responsibilities included cooking and preparing food in the kitchen.

24.   Plaintiff worked in excess of 40 hours per week in the large majority of weeks that Plaintiff worked for 3AC.

25.   Plaintiff was paid a regular rate of pay but was not paid properly for overtime for those hours worked in excess of 40 hours per week.  For those hours in excess of 40 hours per week, 3AC did not pay plaintiff one and one-half times his regular rate of pay as required by federal law.

26.   3AC paid Plaintiff a weekly salary regardless of the hours worked, but 3AC did not pay plaintiff one and one-half times his regular rate of pay for hours worked in excess of 40 per week, as required by federal law.

### Work as Cook/Kitchen Helper

27.   In approximately March 2020, the Restaurant closed its dining room because of the COVID 19 pandemic.

28.   The Restaurant did not open the dinning room for approximately a three-month period, and during that time the Restaurant filled to go order only.

29.   During this period, the Restaurant operated on a very small staff that consisted only of two managers, the Chef, Plaintiff, and one other kitchen worker.

30.     During this period, Plaintiff worked exclusively as a cook/kitchen helper, and his primary job duties still included cooking and food preparation but also included additional kitchen tasks, such as washing dishes and cleaning.

31.     Plaintiff continued to work in excess of 40 hours per week most weeks during this time period.

32.     During this three-month time period, Plaintiff remained a non-exempt employee under the FLSA whose primary job responsibilities included cooking, cleaning, and preparing food in the kitchen.

33.     During this three-month time period, 3AC paid Plaintiff a weekly salary regardless of the hours worked, but 3AC did not pay plaintiff one and one-half times his regular rate of pay for hours worked in excess of 40 per week, as required by federal law.

## COUNT I

## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME

34.     Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

35.     At all relevant times, 3AC was an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36.   At all relevant times, 3AC employed Plaintiff within the meaning of the FLSA.

37.   At all relevant times, 3AC maintained a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime compensation for all hours that Plaintiff worked in excess of forty hours per work week.

38.   As a result of 3AC's willful failure to compensate Plaintiff the applicable wage for all hours worked at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week, 3AC violated the FLSA.

39.   3AC's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

40.   Due to 3AC's FLSA violations, Plaintiff is entitled to recover from 3AC compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against 3AC:

A.   An award of unpaid compensation for overtime to Plaintiff;

B.   An award of liquidated damages to Plaintiff;

-7-

C.      An award of prejudgment and post-judgment interest to Plaintiff;

D.      An award of costs and expenses of this action together with

        reasonable attorneys' and expert fees to Plaintiff; and

E.      Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

demands a trial by jury on all questions of fact raised by this Complaint.

This, 20th day of October 2021.

**Hall & Lampros, LLP**

By:   /s/ Patrick J. Hannon
        Patrick J. Hannon
        Ga. Bar No. 074321
        400 Galleria Parkway
        Atlanta, GA 30339
        404/876-8100
        Fax: 404/876-3477
        phannon@hallandlampros.com
        *Counsel for Plaintiff*