# Exhibit 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter "Agreement") is entered into by and between Plaintiff, **Elvis Belen** ("**Belen**"), on behalf of himself, his heirs, executors, agents, representatives, administrators, survivors, assigns and anyone claiming through him (hereinafter referred to as "**EMPLOYEE**") and Defendant, **3AC Restaurant LLC** and all of its subsidiaries and affiliates, successors and assigns, and its current and former partners, officers, agents, members, directors, attorneys, heirs, survivors, assigns, and executors (all herein collectively referred to as "**EMPLOYER**"). All of the foregoing individuals and entities are hereinafter sometimes also collectively referred to as the "Parties."

**WHEREAS**, **EMPLOYEE** was formerly employed by the **EMPLOYER** to work in the kitchen of **EMPLOYER'S** restaurant from approximately May 2018 through December 2020;

**WHEREAS**, **EMPLOYEE** alleged that **EMPLOYER** did not pay him overtime wages from July 2019 until December 2020 for all hours worked in excess of 40 in a workweek in violation of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*; for which claims **EMPLOYEE** sought compensation and relief through a Complaint styled *Elvis Belem v. 3AC Restaurant LLC*, pending in the United States District Court for the Northern District of Georgia, Atlanta Division, Case No. 1:21-cv-04361 (the "**Lawsuit**"); and

**WHEREAS**, **EMPLOYER** denies that it violated **EMPLOYEE'S** rights under the FLSA or any other federal, state or local law, or state common law principles, and contends **EMPLOYEE** was properly compensated for all time worked and reported and that at all times it acted in good faith, such that **EMPLOYEE** is not entitled to liquidated damages;

**WHEREAS**, after engaging in a review of this matter, the Parties agree that a bona fide dispute exists between the Parties on all claims; and

**WHEREAS,** the Parties desire to finally and forever resolve, compromise, and settle any and all claims which **EMPLOYEE** asserted or could have asserted in the **Lawsuit** and which arise out of or in any way relate to his work for or employment by **EMPLOYER** as alleged in the Lawsuit.

**NOW THEREFORE,** in consideration of the foregoing RECITALS which are incorporated herein, together with these premises, covenants, promises, and terms and conditions contained herein, the Parties agree as follows:

1. As consideration for the release of all claims, **EMPLOYER** will pay **EMPLOYEE** the total sum of Twenty One Thousand Four Hundred and Two Dollars and no cents ($21,402.00) in compromise and settlement of any and all claims that they asserted or could have asserted in the Lawsuit.

   A. SETTLEMENT BREAKDOWN

   **EMPLOYER** shall pay the aforesaid sum in three separate checks, each as follows:

      i)     One check in the amount of Eight Thousand Two Hundred Twenty Dollars and no cents ($8,220.00), payable to **Elvis Belen**, less required tax withholding and deductions, as settlement for his alleged wage claims. Such payment will be reported on an individual W-2 Form; and

      ii)    One check in the amount of Eight Thousand Two Hundred Twenty Dollars and no cents ($8,220.00), payable to **Elvis Belen**, for his alleged liquidated damages, and any and all other damages and relief. Such payment will be reported on an individual 1099 Form; and

      iii)   One check in the amount of Four Thousand Nine Hundred Sixty Two Dollars and no cents ($4,962.00) payable to **Hall and Lampros, LLP** for the attorneys' fees and expenses incurred by Plaintiff;

### B. APPROVAL AND PAYMENT:

      i)     EMPLOYEE, through counsel, shall submit this Agreement to the United States District Court for the Northern District of Georgia, Atlanta Division within three (3) days of execution for approval by the Court. EMPLOYEE, through counsel, shall prepare and submit all necessary documents to ensure settlement approval and dismissal with prejudice of the Lawsuit by the Court. The settlement approval documents must be approved by counsel for EMPLOYER prior to filing with the Court; and

      ii)    EMPLOYER will send all payments provided for under this Paragraph 1 to Hall and Lampros, LLP within fourteen (14) calendar days following approval of this settlement by the Court.

2.     In consideration of the payments set forth in Paragraph 1, **EMPLOYEE** does hereby knowingly, voluntarily, and unconditionally release, acquit, and forever discharge **EMPLOYER** from any and all wage-related claims, liabilities, rights and causes of action he asserted or could have asserted in the **Lawsuit** including those which arise out of or in any way relate to his work for or employment by **EMPLOYER** as alleged in the **Lawsuit**.

3.     The Parties acknowledge that this Agreement is made and executed in settlement of disputed claims for which **EMPLOYER** denies any and all liability; that they are settling this matter solely to avoid the cost of litigation; and that neither this Agreement nor the payments and other consideration herein identified, are to be construed as an admission of wrongdoing or liability on the part of **EMPLOYER**.

2

4. This Agreement is based upon a good faith determination of the Parties to resolve a disputed claim and to avoid the costs associated with prolonged litigation.

5. This Agreement contains the entire understanding and agreement between the Parties hereto and represents the full and final resolution of any and all wage-related issues regarding **EMPLOYEE'S** work for or employment by **EMPLOYER**. This Agreement may not be modified or amended in any manner without a written agreement signed and dated by all Parties and his counsel. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision. The recitals are incorporated into this Agreement. Neither this Agreement nor any other agreement between the Parties, nor any uncertainty or ambiguity herein or therein, shall be construed or resolved using any presumption against any party hereto or thereto, whether under any rule of construction or otherwise. On the contrary, this Agreement has been reviewed by the Parties and, in the case of any ambiguity or uncertainty, shall be construed according to the ordinary meaning of the words used so as to fairly accomplish the purpose and intentions of all Parties hereto. The recitals are incorporated into this Agreement. This Agreement will be governed by, and interpreted in accordance with, the laws of the State of Georgia, notwithstanding its rules governing choice of law.

6. This Settlement Agreement and Release may be executed in any number of counterparts and by the different Parties hereto on separate counterparts with each said counterparts being an original, but all counterparts together shall constitute one and the same instrument. Electronic signatures and signatures obtained by fax, pdf, or scanned and emailed shall constitute an original signature, but one counterpart set delivered to the United States District Court shall be marked the "Original," and all other counterparts shall be marked "Duplicate".

By executing this Agreement, each Party acknowledges having carefully read, and acknowledges knowing and understanding, the terms and effect hereof. Each Party further represents, declares and agrees that she or it voluntarily enters into this Agreement for the purposes of making a full and final compromise, adjustment and settlement of all claims hereinabove described. Each Party signs this Agreement of her or its own free will, after consultation with counsel about same.

**IN WITNESS WHEREOF**, the parties have executed this Agreement to be effective as of the date of the final signature.

| EMPLOYEE: | EMPLOYER: |
|---|---|
|  | *[signature]* |
|  | 3AC Restaurant LLC |
| Elvis Belen |  |
|  | By: JONATHAN AKUY - MANAGING MEMBER |
| Date: _____ |  |
|  | Date: 3/9/22 |

Sworn to and subscribed before me this

_____ day of _____, 2022.

_____

NOTARY PUBLIC

My Commission expiries:

Sworn to and subscribed before me this

___9th___ day of ___March___, 2022.

*[signature]*

NOTARY PUBLIC

My Commission expires:

*[Notary seal: CY BICKERS, NOTARY PUBLIC, COBB COUNTY, GEORGIA, MY COMMISSION EXPIRES NOVEMBER 02, 2024]*

4

| EMPLOYEE: | EMPLOYER: |
|---|---|
| ▮▮▮▮▮▮▮▮ | |
| *Elvis Belen* (signature) | 3AC Restaurant LLC |
| Elvis Belen | |
| | By: _____ |
| Date: 03/25/22 | |
| | Date: _____ |

Sworn to and subscribed before me this
25th day of March, 2022.

_Jada Bell_ (signature)

NOTARY PUBLIC

My Commission expires: 10-19-2025

[Notary Seal: JADA BELL, NOTARY PUBLIC, FULTON COUNTY, GEORGIA]

Sworn to and subscribed before me this
_____ day of _____, 2022.

_____

NOTARY PUBLIC

My Commission expires: _____

4